WEBB-CRAWFORD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8949.   Promulgated March 6, 1928.

*Geo. M. Stanton, Esq.*, for the petitioner.
*Leroy L. Hight, Esq.*, for the respondent.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1920 in the amount of $8,174.07. The petitioner alleges in its petition that in determining said deficiency the respondent erred: (1) In disallowing a deduction of $38,258.35, covering bad debts charged off in the corporation's books and deducted on the original tax return filed, and (2) in refusing to allow a loss of approximately $50,000 sustained on sugar contracts during the year 1920. At the hearing the petitioner abandoned the second issue, and offered no evidence in respect of the alleged loss on sugar contracts.

In reference to the first issue, the only evidence offered by the petitioner consisted of the testimony of J. M. Howell, its secretary-treasurer, who testified that as such officer it was his duty to pass on credits and look after the bookkeeping department. The witness further testified that " at the close of the year 1920, the petitioner was carrying on its books approximately 1,200 accounts of customers, involving an aggregate amount of about $400,000." The witness had two methods by which he determined that a debt was worthless, first, when the debtor went into bankruptcy, and second, when it was ascertained that he did not have anything to pay with.

During the year 1920 the witness made pencil notations of such accounts as he determined from time to time were bad, and, at the end of the year prior to closing the books, gave a list to his secretary with instructions to charge them off as worthless debts. A deduction was claimed in the petitioner's tax return on account of the debts so ascertained to be worthless and charged off at the end of 1920 prior to the closing of the books, and is not involved in the controversy here.

Subsequent to closing petitioner's books for the year 1920, the witness determined that certain additional debts were worthless, and had them charged off the books in the early part of 1921, probably in January. Those debts constitute the deduction claimed by the petitioner in its tax return for 1920, subsequently filed in March, 1921, which was disallowed by the respondent and is in controversy here. Although the witness knew during 1920 that a considerable portion of the petitioner's accounts were bad, the particular debts in question were neither ascertained to be worthless nor charged off during the taxable year 1920, nor prior to the closing of the petitioner's books for that year.

The Revenue Act of 1918, in section 234 (a) (5), authorizes a deduction only of " debts ascertained to be worthless and charged off within the taxable year."

Since it affirmatively appears from the petitioner's evidence that the debts here claimed as a deduction were not ascertained to be

worthless nor charged off within the taxable year 1920, the determination of the respondent must be and is approved.

*Judgment will be entered for the respondent.*